**In re James R. SNYDER, Betty C. Snyder, Debtors.**

**John G. LEAKE, Trustee for James R. Snyder and Betty C. Snyder, Plaintiff,**

**v.**

**FINANCE ONE MORTGAGE, INC., Defendant.**

**Bankruptcy No. 5–83–00188.**
**Adv. No. 5–85–0041.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Oct. 30, 1985.

---

Dale A. Davenport, Harrisonburg, Va., for debtors.

Grant A. Richardson, Bridgewater, Va., for Finance One Mortgage, Inc.

## MEMORANDUM OPINION

THOMAS J. WILSON, Bankruptcy Judge.

Plaintiff, the Trustee in bankruptcy (the "Bankruptcy Trustee"), presently holds a certain fund of surplus proceeds from a pre-petition deed of trust sale of real property of the Debtors'. The Bankruptcy Trustee seeks an order from this Court declaring, in effect, that said fund is not subject to any prior interests therein. Finance One of Virginia, Inc. ("Finance One"), the Defendant herein, asserts in response that the Bankruptcy Trustee holds these proceeds subject to a judgment lien held by Finance One against the Debtors, which judgment lien assertedly attached to the aforementioned real estate.

A hearing was held in this Court on August 28, 1985, at the conclusion of which the Court took the matter under advisement. Upon consideration of the pleadings and the argument of counsel, the Court makes the following findings of fact and conclusions of law.

## Findings of Fact

The operative facts in this matter are, for the most part, undisputed. By duly recorded first deed of trust, the Debtors, as husband and wife, conveyed their fee simple interest in a parcel of Rockingham County real estate to George R. Aldhizer, Jr. (the "Security Trustee"), as sole acting trustee thereunder, on February 24, 1971. On behalf of Rockingham National Bank, the beneficiary under this first deed of trust, the Security Trustee foreclosed on said realty on October 27, 1982, pursuant to the terms of the trust. The property was knocked down at auction on that date, at which time the purchaser paid ten percent of the $45,700.00 purchase price. The deed of trust sale was closed on December 3, 1982, when the purchaser tendered over the balance of the purchase price and the Security Trustee delivered a deed to the above realty to the purchaser. The purchaser recorded this deed in the Rockingham County Clerk's Office on December 7, 1982, this being the first and only recordation in the Clerk's Office of the sale and conveyance of the realty from the Security Trustee to the purchaser.

This chronology of events resulted in there being an interim period between the October 27 sale at auction and the eventual recordation of the completed transaction on December 7. This state of affairs is not uncommon in real estate transactions, as a contract of sale is often entered into some time prior to the actual conveyance by deed, and there is not uncommonly a further delay before the transfer is actually recorded. The involvement of Finance One relative to this matter, however, makes this case a particularly uncommon variation on an otherwise common theme.

On November 22, 1982, Finance One obtained a judgment against the Debtors in the amount of $1,519.55 and docketed said judgment in the Rockingham County

Clerk's Office on the same day. This docketing of the Finance One judgment occurred during the interim period when there was no record notice of the previously held deed of trust sale, but Finance One did have actual knowledge of the deed of trust sale when it docketed its judgment. Finance One gave verbal notice to the Security Trustee of its docketed judgment immediately prior to the December 3, 1982 closing described above.

Pursuant to his duties under Virginia Code § 55–59.4, the Security Trustee distributed the proceeds of the deed of trust sale to completely discharge the expenses of executing the trust, the taxes on the real estate, Rockingham National Bank's first deed of trust, and a second deed of trust in favor of another lender. So much of the Security Trustee's distribution of the proceeds is not challenged. However, after making the aforementioned distributions, the Security Trustee held a remaining surplus of $1,246.83. This surplus is the focus of the instant proceeding.

Having been made aware of Finance One's docketed judgment, and uncertain as to the extent of Finance One's interest in the surplus proceeds, the Security Trustee sought the guidance of the Assistant Commissioner of Accounts for the Circuit Court of Rockingham County. Because the Assistant Commissioner's guidance was not immediately forthcoming, the Security Trustee was still holding the surplus proceeds when the Debtors filed their Chapter 7 petition on April 25, 1983. On January 24, 1985, the Security Trustee turned the surplus over to the Bankruptcy Trustee, who in turn instituted this proceeding to resolve, at last, the parties' interests in this fund.

## Conclusions of Law

The Court finds that Finance One's docketing of its judgment complied with Virginia's statutory prerequisites to the creation of a judgment lien as provided for by Va. Code § 8.01–458 (1984). The sole issue in this case, therefore, is whether Finance One's judgment lien attached to some interest of the Debtors' so as to effectuate its reaching the surplus proceeds.

Judgment liens are purely statutory creatures, and in determining the scope of their reach this Court must begin its analysis with an examination of the applicable Virginia statutes. Section 8.01–458 of the Virginia Code provides as follows:

> Every judgment for money ... shall be a lien on all the real estate of or to which the defendant in the judgment is or becomes possessed or entitled, from the time such judgment is recorded on the judgment lien docket of the clerk's office of the county or city where such land is situated ...

Va.Code § 8.01–458 (1984 Repl.Vol.). Accordingly, Finance One's docketing of its judgment in Rockingham County on November 22, 1982, created a lien on all Rockingham County "real estate" of which the Debtors were possessed or entitled to possession on November 22, 1982, and thereafter.

The Bankruptcy Trustee maintains that the Debtors had no real property interest in the subject real estate on November 22, 1982, as even their equity of redemption was cut off upon the sale at auction on October 27, 1982. Because the Debtors held no real property interest, the Bankruptcy Trustee argues, they held no "real estate", within the meaning of Va.Code § 8.01–458, to which Finance One's lien could attach.

As between the Debtors, the purchaser and the Security Trustee, the Bankruptcy Trustee's understanding of the conceptual nature of the parties' interests is unassailable. The deed of trust sale of the realty converted the nature of the parties' interests *as between themselves:* While bare legal title remained in the Security Trustee, the equitable interest in the realty vested in the purchasers, leaving the Debtors with a mere personal property interest in whatever surplus proceeds would remain after distribution of the purchase money. Were the Debtors' interests upon the auction sale to be deemed "personal" for all purposes and as between all parties, the security

trustee's argument would be compelling. In theory, liens will not attach to mere proceeds simply on account of the real property nature of that for which they stand. *See, e.g., Orphanoudakis v. Orphanoudakis,* 199 Va. 142, 149–50, 98 S.E.2d 676 (1957); *Jones v. Hall,* 177 Va. 658, 15 S.E.2d 108 (1941). Moreover, the clear language of Va.Code § 8.01–458 limits the reach of judgment liens to possessory real property interests.

Finance One's interest, however, cannot be determined merely from the conceptual distinctions between "real" and "personal" property as they affect the immediate parties to the deed of trust sale. Nor can the Virginia judgment lien statute be read in a statutory vacuum. The Court concludes that Va.Code § 8.01–458 must be read in conjunction with Va.Code § 55–96 and that the latter statute compels a finding for Finance One in the instant case. Virginia Code § 55–96 provides, *inter alia,* that a contract or deed for the sale or conveyance of real estate "shall be void as to all purchasers for valuable consideration without notice not parties thereto *and lien creditors,* until and except from the time it is duly admitted to record ..." Va.Code § 55–96 (1985 Cum.Supp.) (emphasis added). Although neither the Court nor the parties hereto have located any relevant case law attempting to resolve the issue, the Court finds that the unambiguous language of the statute compels a reading thereof to the effect that, although § 55–96 applies only to those *purchasers* without notice, the statute nevertheless applies to *lien creditors* irrespective of actual notice. Because the contract of sale entered into upon the deed of trust sale in the instant case was not "duly admitted to record" at the time Finance One docketed its judgment, said contract was, pursuant to Va. Code § 55–96, void as against Finance One. As far as Finance One is concerned, then, it is irrelevant whether, in theory, the entry into the contract of sale divested the Debtors of a real property interest in the real estate: As against Finance One, the contract of sale was void and thus ineffective to remove the real estate from the reach of Finance One's judgment lien.

Having concluded that Finance One's judgment lien effectively attached to the real estate upon the November 22, 1982 docketing of Finance One's judgment, the Court is of the further opinion that the fund of surplus sale proceeds is impressed with an interest of Finance One to the full extent of, and in place of, their aforesaid lien in the real estate. The court is not unmindful of the authorities argued by counsel for the Bankruptcy Trustee to the effect that a lien on real estate will not follow proceeds therefrom. *See* cases cited *supra* at 440. Upon the sale under the deed of trust, however, the Security Trustee was required to apply the sale proceeds in accordance with the established statutory priorities. Va.Code § 55–59.4(A)(3) (1981 Repl.Vol.). Among those interests which the Security Trustee was required to discharge, if possible, were "liens of record inferior to the deed of trust ..." *Id.* Finance One's lien was properly "of record." The Court need not belabor the issue of whether Va.Code § 55–59.4(A)(3) gives rise to "equitable liens" in the surplus to holders of record liens on the realty, or whether such interests may more properly be described as involving "constructive trusts" in favor of these lienholders, with the surplus proceeds constituting the res thereof. Regardless of the denomination of their interest, the Court is of the opinion that Va.Code § 55–59.4(A)(3) gives Finance One a specific interest in the remaining sale proceeds to the full extent of its judgment.

An appropriate order shall enter.